UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George James Taylor, Jr., ) | C/A No. 4:19-1254-BHH-TER |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Commissioner of Social Security Administration, ) | ORDER |
| Defendant. ) | |
| _____ ) | |

This is an appeal from a denial of social security benefits filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. On May 30, 2019, the court authorized service and informed Plaintiff of his briefing duties. (ECF No. 14). On October 24, 2019, the Commissioner filed the answer; thus, Plaintiff's brief was due November 25, 2019 with an additional three days for mailing. (ECF No. 22). **The court has not received Plaintiff's brief as of the date of this order. Plaintiff is directed to file the brief by December 27, 2019 or the case may be dismissed with prejudice for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.**

Because Plaintiff is proceeding *pro se*, the information, regarding content, formatting, and schedule of briefs, in the prior order is repeated below:

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a Defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to Defendant's attorney making an appearance in this court, Plaintiff must serve Defendant with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

**Under Local Civil Rule 83.VII.04 (D.S.C.), within 30 days after Defendant files an answer to the Complaint, Plaintiff shall file with the Clerk of Court's Office a written brief setting out his arguments in support of his claim that Social Security benefits were improperly denied to him**.

Defendant has 40 days to file a responsive brief after service of Plaintiff's brief. See Local Civ. Rule 83.VII.05 (D.S.C.). **Plaintiff may file a reply brief within 14 days of being served with Defendant's responsive brief.**

**Plaintiff's brief shall contain the following items, under the appropriate headings and in the order given below:**

(a)     A statement of the issues presented for review, set forth in separately numbered paragraphs.

(b)     A statement of the case. This statement should briefly indicate the course of the proceeding and its disposition at the administrative level and should set forth a general statement of the facts. The statement of the facts shall include plaintiff's age, education, work experience, if relevant, and a summary of other evidence of record. Each statement of fact shall be supported by reference to the page in the record where the evidence may be found.

(c)     An argument. The argument may be preceded by a summary. The argument shall be divided into sections separately addressing each issue and must set forth plaintiff's contentions with respect to the issues presented and reasons therefore. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases supporting plaintiff's position.  Cases from other districts and circuits should be cited only in conjunction with relevant cases from this jurisdiction or if authority on point from this jurisdiction does not exist.

(d)     A short conclusion stating the relief sought. **The issues before the court are limited to the issues properly raised in the briefs**.

## NOTIFICATION OF THE CONSEQUENCES OF FAILING TO FILE A BRIEF AS REQUIRED BY PARAGRAPHS (a)-(d) ABOVE

A party's brief may be its only opportunity to set forth arguments that entitle the party to a judgment in its favor. The failure to file a brief by either party may result in the consideration of the record without the benefit of the party's arguments. In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III
December 2, 2019                              Thomas E. Rogers, III
Florence, South Carolina                 United States Magistrate Judge